MURRAY ET AL., RESPONDENTS, *v.* CITY OF HELENA ET AL.,
APPELLANTS.

(No. 4,940.)

(Submitted November 24, 1922.   Decided December 21, 1922.)

[211 Pac. 197.]

*Cities and Towns—Special Assessments—Statutes and Ordi-*
*nances — Constructing Sidewalks — Omission of Notice to*
*Owner—Effect on Lien.*

Cities and Towns—Constructing Sidewalks—Failure to Pursue Provisions
of Statute—Effect on Lien.
  1.   An assessment levied in 1908 to pay for the expense incurred by
a city in the construction of a sidewalk without first giving the owner
of the abutting property notice and affording him an opportunity to
construct it himself, as required by the statute and an ordinance of
the city then in force, was invalid and constituted no lien on the
property.

Same—Constructing Sidewalks Without Notice to Abutting Owner—Statutes
and Ordinances to be Followed Strictly.
  2.   Statutes and ordinances dealing with liens for taxes and assess-
ments on property must be strictly followed, and where their require-
ments were ignored, the city cannot enforce a lien for expendi-
tures made by it in constructing a sidewalk where the abutting owner
failed to construct it pursuant to a resolution ordering it done.

*Appeal from District Court, Lewis and Clark County; W.*
*H. Poorman, Judge.*

ACTION by Elizabeth Murray and another against the City
of Helena and others to enjoin issuance of tax sale certificate
or deed and to quiet title to premises against alleged lien for
improvements.   From the judgment for plaintiffs, defendants
appeal.   Affirmed.

Cause submitted on briefs of Counsel.

*Mr. E. C. Day* and *Mr. S. V. Stewart,* for Appellants.

*Mr. Wm. Scallon,* for Respondents.

---

1.   Necessity of notice to lot owner before construction of sidewalk
by municipality, see note in 3 **Ann. Cas.** 676.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action in equity for injunction and decree quieting title to plaintiff's property. The cause was tried before the court without a jury, and at the conclusion of all of the evidence was by the court taken under advisement. Later findings of fact and conclusions of law were made and filed in favor of the plaintiffs, upon which judgment was entered. The appeal is from the judgment.

In so far as is necessary to be considered in disposition of this appeal, the pleadings in the case are summarized as follows:

The complaint alleges that the plaintiffs are the owners of a lot in Washington place in the city of Helena; that on September 14, 1908, the city council of Helena passed a resolution ordering a sidewalk to be laid on the south and southeast sides of the lot; that there was then in force an ordinance requiring a notice to the owner, allowing a period of twenty days in which the owner might construct the sidewalk, before the city was authorized to construct it and charge it against the property; that no notice was given to the plaintiffs and they were not given an opportunity to build the sidewalk; that, on the contrary, the city council on the same day, September 14, 1908, proceeded to advertise for bids and entered into a contract for the building of the sidewalk; that the ordinance then in force established the grade of streets for sidewalk purposes to be on a level with and uniform to the present contour of the streets, except where grades had been theretofore approved and established, and that the sidewalk constructed in front of the plaintiffs' lot was laid in disregard of the contour of the street, without authority of law and without any change of grade, and that the damage to the lot was in excess of the cost of the sidewalk; that the plaintiffs had not paid, but had refused to pay, any assessment or pretended assessment for the cost of building said sidewalk; that the minutes of the city council show the passage of a resolution levying an assessment on the lot for the cost of the sidewalk, but that

there was no resolution or ordinance on file, and that plaintiffs had no knowledge or information as to its contents; and that no notice of the assessment against the lot was ever published, nor was there ever any advertisement of a tax sale for the assessment, and that the lot was never sold for such taxes. It is further alleged that the pretended certificate of sale had been ,issued some time during the year 1920, and a notice served on one of the plaintiffs; that an application would be made for a tax deed, which deed, if issued, would cast a cloud upon the plaintiffs' title. The prayer is for a perpetual injunction against the city and its treasurer from issuing the deed, and for a judgment declaring the pretended assessment, certificate of sale and all proceedings of the city council relative to the same to be irregular and void and ordered canceled; that it be adjudged that no lien attach to the property for the cost of constructing the sidewalk; and that the title of the plaintiffs be quieted as against any such claim.

The answer in substance admits that the city of Helena passed the resolution ordering the laying of the sidewalk in question. It denied that no notice had been given, and alleged that notice had been given and served upon the plaintiff Murray. It is admitted that on the fourteenth day of September, 1908, the city council had proceeded to call for bids for the building of the sidewalk, but alleged that the contract entered into for its construction was not made until the fifth day of October, 1908, after twenty days had elapsed, during which time the plaintiffs had been given opportunity to build the sidewalk and had refused and failed so to do. It admitted that in laying the sidewalk the contractors had disregarded the existing contour of the center of the street, but averred that the sidewalk was constructed upon the grade of the street as the same had been established in the year 1905. It admitted that the city council passed the resolution for the assessment of the cost of the construction of the sidewalk, that the sale for delinquent assessments had not been advertised, but it is alleged that the record of the city treasurer's office showed that a sale had been had, and that in the year 1920 a certificate

was issued by the then acting deputy treasurer of the city of Helena, by order of the city council, and that notice had been served upon the plaintiff Curtin that the city would apply for a deed unless he paid to the treasurer the assessment, penalty and costs, as required by law. It is further set forth affirmatively that under the law in force September 14, 1908, it was the duty of the city council to assess the entire cost of curbing and constructing sidewalks to the property in front of which the improvements were made. Reference is made to the passage of the necessary resolution, and it is alleged that notice had been given to the plaintiff Murray, who was in possession, to construct the sidewalk, and that, if it remained unbuilt at the expiration of twenty days, the sidewalk would be built by the city at the expense of the owner; that thereafter, the plaintiff Murray having failed to construct the sidewalk, the city proceeded to construct the same under a contract with the Two Miracles Concrete Company, and that the total cost amounted to $669.68; that on the twentieth day of September, 1909, a resolution was regularly passed assessing the said sum against the property and notice thereof published, and that no part of the assessments has ever been paid. It is further alleged that the plaintiffs had at the time of the construction of the sidewalk actual notice that the same was being constructed by the city and actual notice of the cost of construction, which was certified to by the city council to be assessed against the lot, and made no objection or protest to either the construction of the sidewalk or the assessment of the cost thereof against the lot, and are now estopped from in any manner contesting the validity of the lien of the assessment for the cost of making improvements. The answer then sets forth the records of the office of the city treasurer with reference to the sale, and alleges that if the sale is defective by reason of the failure to properly advertise the same, the city is entitled to judgment against the plaintiffs for the amount due for constructing the sidewalk. The prayer is that the assessment be held to constitute a valid and existing lien upon the premises, and that the sale be declared to be a valid

sale subject to the right of plaintiffs to redeem therefrom by paying, within a time to be fixed by the court, the amount found to be due, or, if the sale be found to be void, that the city have judgment for the cost of constructing the said sidewalk in the sum of $669.68, with interest until paid.

The reply denies categorically all of the facts set forth in the answer, except such as are repetitions of facts alleged in the complaint, and pleads the statute of limitations.

The findings of fact material to be considered are, substantially, that the city did not give to the plaintiffs any notice to build the sidewalk in question, and caused the same to be built without having given to them any opportunity to build the sidewalk; that the sidewalk was built below the level of the then existing sidewalk, and that in so doing the city changed the grade; that said change caused some damage to the plaintiffs, and that no compensation was made or tendered therefor, and no steps taken by the city to determine the damage done to the property; that no publication was ever made of any delinquent taxes or tax sales against or including the lots in question, or in any manner referring to them, or to any assessment thereon in connection with the sidewalks constructed; that the lots were never advertised in any manner for sale for delinquent taxes on account of the construction of the sidewalk, otherwise or at all; that no certificate of sale of the property for delinquent taxes or assessments was ever issued, until some time in the year 1919, when a pretended certificate signed by a person acting wholly without authority was issued; that no sale of the lots for delinquent taxes or assessments in connection with the construction of the sidewalk was ever made; that, in addition to the ordinances or sections of ordinances alleged in the complaint, there were in existence during the year 1908, and at all the times in question, certain ordinances referred to and set out, providing for the mailing of notices of taxes due the city, the contents thereof, and for publication in a newspaper of delinquent tax lists; and, finally, that the material allegations of fact contained in the complaint have been proved and are true.

And as conclusions of law the court found as follows:

"(1) That all the actions and proceedings of the city in the building of the said sidewalk were illegal; that the city acquired no right to assess the cost of the said sidewalk against the said property or the plaintiffs, or either of them, or to claim or recover the cost thereof, or any part of the same, from the plaintiffs, or either of them, or otherwise.

"(2) That the defendant city of Helena never acquired any lien or claim of lien against the lot in question for the cost of the building of the said sidewalk, or for the amount of any assessment levied or attempted to be levied in connection therewith, and is not now entitled to any lien thereon.

"(3) That the defendant city of Helena is not entitled to claim or recover from the plaintiffs, or either of them, or against the said lot, the cost of building the sidewalk, or any part thereof, or any amount of assessment levied or attempted to be levied against the said lot or the plaintiffs, or either of them.

"(4) That the plaintiffs are entitled to a decree quieting title to the said lot against the city, and against any and all claim of lien or other claim of the said city, and enjoining the issuance of any deed to the said city of Helena."

It appears that the sidewalk in question was constructed pursuant to the following resolution, taken from the minutes of a meeting of the city council held September 14, 1908:

"No. 837. Resolution ordering sidewalk to be laid on southern fronts of [description of lots] on Washington place in the city of Helena, Mont.: Be it resolved by the city council of the city of Helena: Section 1. That concrete sidewalks be and are hereby ordered to be laid in front of the following lots: [Describing them.] Section 2. That said sidewalks shall be laid under the supervision of the city engineer in accordance with the plans and specifications of the city on file in the office of the city clerk; and according to the established grade. Section 3. That said sidewalks shall be six feet in width. Passed and approved this 14th day of September,

[65 Mont. 485.]

A. D. 1908.   F. J. Edwards, Mayor.   Attest: J. A. Mattson, City Clerk.''

The minutes of the city council of date October 5, 1908, twenty days after the passage of the ordinance directing the laying of the sidewalk in question, above set out, show the following: ''Alderman Fisk moved that the mayor and city clerk be instructed to enter into contract with the Two Miracles Concrete Company for the construction of concrete sidewalk according to resolution No. 837, and that the work shall be completed by November 15, 1908.''

The sidewalk was constructed by the city in October, 1908, without any notice whatsoever to the owners of the abutting property.

Several assignments of error are made raising a single ques-[1] tion determinative of the case, *viz.:* Did the city have the legal right to construct the sidewalk, charge the cost thereof against the owners, and enforce a lien for payment?

Section 5039, Revised Codes of 1921, in effect since 1887, defines the powers of city councils, and the sixty-fifth subdivision thereof reads: ''65. To regulate and provide for the construction or repair of sidewalks and foot pavements, and *if the owner of any lot fails to comply with the provisions of the ordinance within such time as may be prescribed thereby,* the council may contract for the construction and repair of such sidewalks or pavements, and the city or town may pay for the same, and the amount so paid is a lien upon the lot, and may be enforced or the amount may be recovered against the owner by a suit before any court of competent jurisdiction.''

At the time the sidewalk was constructed, in the year 1908, and in pursuance of the authority of the statute above quoted, an ordinance was in force in the city of Helena providing for and regulating the building of sidewalks, a provision of which, designated as section 88, reads as follows: *''Notice to Build.—* Upon the city council ordering the construction of any sidewalk, the street commissioner shall immediately give notice thereof, in writing, to the owner of the property immediately abutting such sidewalk, or to his agent, lessee, or tenant, either

by mailing or delivering the same, fully describing therein the termini, course, width and character of the walk ordered, and allowing a period of twenty days during which the parties so desiring may construct the walk abutting their property, and further providing that all such walks so ordered, remaining unbuilt at the expiration of said twenty days from the date of said notice, shall be built by the city at the expense of said property owner as hereinafter provided for.''

These provisions of both the statute and the ordinance are plain with respect to the necessity of giving notice to the property owners affected. But counsel for the appellant contends that the city council had imposed upon it the duty of constructing sidewalks, and that no obligation rested upon the city to give notice to the owners of abutting property affected. In support of their position, they cite and rely upon the provisions of sections 3367, 3369 and 3387 of the Revised Codes of 1907, which were in force when resolution No. 837 was passed, ordering the construction of the sidewalk in question. They argue that by House Bill No. 204, approved March 8, 1897 (Laws 1897, p. 212), the specific requirement of notice to abutting owners and opportunity to construct the sidewalks themselves theretofore required by section 4818 of the Political Code of 1895 was repealed; that House Bill No. 204, which enacted sections 3367, 3369 and 3387 of the Revised Codes of 1907, conferred the positive right to construct sidewalks without notice to abutting property owners or the giving to them of opportunity to construct such walks themselves. These sections read as follows:

''3367. *Special Improvements — Powers of Council.* — The city council or town council of any incorporated city or town may cause any street, avenue, or alley, or any part thereof, to be graded, paved, curbed, or macadamized, and may cause sidewalks, sewers, gutters or other improvements to be made thereon, upon the same being ordered by a majority of all the members of the council. The council shall have charge of the building, maintenance and repairs, of all sidewalks of whatever kind or character, and such work may be done by contract, or

by the street commissioner or other authorized officer of the city or town; provided, however, that any one, or all kinds of sidewalks shall be built and maintained at the cost of the owners of the property in front of which said sidewalk is built, or to be built.''

''3369.  *Resolution of Intention.*—The city or town council is authorized to provide by ordinance a system for doing any or all work, in or upon the streets, highways, or public places of the city or town, and for making thereon street improvements and repairs, and for doing any or all work authorized by this Act, and for the payment of the cost and expenses thereof.  In all cases where any part of the expense of any such improvements, except constructing sidewalks, gutters, or making necessary repairing, is to be defrayed by special assessment, the council must first adopt a resolution declaring its intention to make such improvement, and fix a time at which objections to the making of such improvements will be considered.''

''3387.  *Assessments for Curbs, Gutters and Sidewalks.*—To defray the cost of curbing, guttering and constructing sidewalks, and keeping the same in repair, the city or town council shall assess the entire cost thereof to the property in front of which said improvement is made.  The property occupying a street corner to be assessed for that part of said improvement which is within the street intersection.''

On the same day (March 8, 1897) House Bill No. 203 was approved, wherein subdivision 65, above set out, was re-enacted.  (See Laws 1897, p. 203.)  And it is urged upon the authority of *Stadler* v. *City of Helena,* 46 Mont. 139, 127 Pac. 454, that the special provisions contained in House Bill No. 204 dealing with the subject of sidewalks are controlling over the general provisions contained in subdivision 65 re-enacted by House Bill No. 203.  Under the doctrine laid down in the *Stadler Case,* and generally, it is our duty to reconcile and harmonize statutory provisions as far as possible so to do.  These enactments, House Bills Nos. 203 and 204, became effective on the same day, and there is, in our opinion, no con-

flict in their provisions. We must, if possible, give effect to the provisions of both. The enactment covering specially the subject of sidewalk construction, House Bill No. 204, confers authority upon the city council of any incorporated city or town to construct sidewalks and to assess the cost thereof to property in front of which they are laid; and House Bill No. 203 merely re-enacts generally that, if the owner of abutting property fails to comply with the provisions of the ordinance requiring sidewalk construction within the time prescribed thereby, the city council may make such improvements and the cost thereof become a lien upon the property. As indicative of the general legislative policy on this subject, it is noteworthy that sections 3367, 3369 and 3387, Revised Codes of 1907, the provisions of which are relied upon by the city, were expressly repealed by Chapter 89, Laws of 1913, and the provisions of subdivision 65 of section 5039, Revised Codes of 1921, is in the identical language as when first adopted in 1887. We think all of the findings of fact and conclusions of law made by the trial court amply justified by the record. In many respects, other than those herein discussed, the findings and judgment are warranted. The city's contention is untenable.

[2]    Statutes and ordinances dealing with liens for taxes and assessments on property must be strictly followed, and the city cannot hope to enforce a lien for expenditures by it made, where the requirements of the law and of its ordinances have in all respects been by it ignored, as in the instant case.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, HOLLOWAY and COOPER concur.